# NEWBOLD v. BRENNAN CONSTRUCTION COMPANY.

CORPORATIONS; POWER OF OFFICER'S CONTRACT; PRESUMPTION; COURSE OF BUSINESS.

1. It is incumbent upon a corporation which denies that a contract made by its officers was authorized, to overcome the presumption that it was properly executed by showing that the officer did not have power to make it.

2. A contract negotiated on behalf of a corporation by its president and its vice president and general manager, and executed through the president in his official capacity, with the corporate seal attached, must be held to have been duly executed within the general scope of authority conferred upon the president by the corporation, where he had organized it, was its chief stockholder, and had, to a large extent, individually controlled the affairs of the corporation, while the contract was not only incidental to the carrying on of its business, but was in harmony with its general management and control, and with other contracts similarly executed and carried out by the company.

No. 3112.   Submitted March 8, 1918.   Decided May 27, 1918.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia in a suit for accounting and recovery on a contract of employment.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Plaintiff, John L. Newbold, filed a bill in equity in the supreme court of the District of Columbia against defendant corporation, The Brennan Construction Company, seeking dis-

NOTE.—On powers of president and vice president of a corporation as to contracts generally, see note in 14 L.R.A. 356.

On presumption that a contract with a corporation is within the authority of its president, see note in 7 L.R.A.(N.S.) 376.

covery, an accounting, the declaration of an equitable lien, and a decree for the amount found due from the defendant to plaintiff under a contract entered into between the parties on July 17, 1907. By the terms of the contract, briefly speaking, the plaintiff was employed by defendant corporation for the period of ten years to devote his time and energies "to procuring contracts for the construction of residences and business buildings, including apartment houses, office buildings, hotels, warehouses, and opportunities for bidding upon same, solely and exclusively for the party of the first part (defendant corporation); also to the procuring of contracts and opportunities for bidding upon same, on any other structures which may be agreed upon by the board hereinafter mentioned," which board was to be "composed of two (2) officers of the Brennan Construction Company, together with the party of the second part," in consideration of which plaintiff was to be paid for his services "twenty-five per cent (25%) of all net profits which the said party of the first part shall make, earn, or realize, by, through, or from the execution of any contract, building construction, or undertaking of the class referred to in paragraph one (1) hereof, and whether the same shall have been actually procured by the party of the second part or otherwise. Payments to the party of the second part on account of such commissions shall be made as and when such net profits are realized by the party of the first part." The contract was negotiated on behalf of the corporation by P. J. Brennan, its president, and Harold Davis, its vice president and general manager. It was executed by the company through Brennan in his official capacity, with the corporate seal attached.

The accounting showed a balance in favor of plaintiff of $4,018.76. The court below found that the contract was entered into fairly and understandingly by the parties and carried out by plaintiff in the utmost good faith, but dismissed the bill on the sole ground that the officers of the corporation who negotiated and consummated this contract did not have authority to make it.

*Mr. Myer Cohen, Mr. Richard D. Daniels,* and *Mr. Frank J. Hogan,* for the appellant:

### The Contention that the Case is not one Cognizable in Equity.

Plaintiff's bill is for discovery and accounting, for the establishment of an equitable lien, and for a decree in his favor for the amount found due on the accounting. It is hard to imagine a case more completely falling within the equitable jurisdiction. Only the defendant knew the facts, and the plaintiff was denied any accounting; and when he came into possession of a paper which indicated to him that there had been a profit on contracts comprehended by his arrangement with the defendant, he had no way of knowing whether there were any other transactions to be accounted for. *Vermillion* v. *Phil. B. & W. R. Co.* 42 App. D. C. 579, 586; *Valdes* v. *Larrinaga,* 233 U. S. 705; *Barnes* v. *Alexander,* 232 U. S. 117, 120.

### The Contention that the Contract is one of Partnership, and, therefore Ultra Vires the Corporate Powers of the Defendant.

A contract of employment, for a loan, for the leasing of premises for business purposes, which provides for compensation to the employee, the lender, or the lessor, on the basis of a percentage of profits made by the employer, borrower, or lessee, is not a partnership contract. *Meehan* v. *Valentine,* 145 U. S. 619.

### The Contention that the Contract is not one by which the Corporation could be bound, not being within the Scope of its Corporate Business.

A company engaged in the general building construction business certainly has power to employ persons to promote the obtainment of contracts for that class of work. *Ferguson Contracting Co.* v. *Coal & Coke R. Co.* 33 App. D. C. 159; *Sun Printing & Pub. Asso.* v. *Moore,* 183 U. S. 642.

### The Contention that the Defendant cannot be held on the Contract because its President was not authorized to Enter into such a Contract for its Account.

The learned trial court upheld this contention. Practically

the entire management of the affairs of the defendant company was committed to and handled by Mr. P. J. Brennan, assisted by Mr. Harold Davis, the former being the president and the latter the vice president and general manager of the company, and both of these officials participated in the making of the contract in question. In the light of modern business methods, and the cognizance thereof progressively taken by courts of justice, the decree below was wrong. *Sun Printing & Pub. Asso.* v. *Moore, supra; Martin* v. *Webb,* 110 U. S. 7, *Pollard* v. *Vinton,* 105 U. S. 7; *Russell* v. *Washington Sav. Bank,* 23 App. D. C. 398; *La Normandie Hotel Co.* v. *Security Trust Co.* 38 App. D. C. 187; *Crook* v. *National Trust Co.* 32 App. D. C. 490; *Buchwald* v. *Hurst,* 111 Md. 577; *Patterson* v. *Robinson,* 116 N. Y. 193; and *Searchlight Horn Co.* v. *American Graphophone Co.* 240 Fed. 745.

The burden of proving lack of authority, where that is a defense to a contract made by a corporation acting by such a general officer as the president, is upon the defendant, who asserts that lack of authority. *Patterson* v. *Robinson,* 116 N. Y. 193; *McCaskill Co.* v. *United States,* 216 U. S. 504; and *Simmons* v. *Doran,* 142 U. S. 417.

*Mr. George E. Sullivan* and *Mr. John J. Hamilton,* for the appellee, in their brief cited:

Angel & A. Corp. § 272; *Ansley Land Co.* v. *H. Western Lumber Co.* 152 Fed. 841; *Beach* v. *Palisade Amusement Co.* 86 N. J. L. 238; Bispham, Equity, p. 547; *Calahan* v. *Holland-Cooke Co.* 201 Fed. 607; *Cathcart* v. *Robinson,* 5 Pet. 264; *Curriden* v. *Middleton,* 37 App. D. C. 568; *Daab* v. *New York Central,* 70 N. J. Eq. 489; *Dravo* v. *Fabel,* 132 U. S. 489; Elliott, Priv. Corp. 4th ed. § 529; *Frederick* v. *Letteney,* 214 Mass. 46; *Huntington* v. *Saunders,* 120 U. S. 78; *Mallory* v. *Oil Works,* 86 Tenn. 598; *Manchester* v. *Stockton Works,* 38 Fed. 378; *Marble Co.* v. *Ripley,* 10 Wall. 339; *Meehan* v. *Valentine,* 145 U. S. 619; 1 Morawetz, Corp. § 421; *Patten* v. *Warner,* 11 App. D. C. 149; *Philip Carey Co.* v. *Thyson,* 39 App. D. C. 233; *Pierce* v. *First Nat. F. Ins. Co.* W. L. R. p. 213;

*Thurston* v. *Bullowa,* 42 App. D. C. 18; *United States* v. *Noe,* 23 How. 312, 315; *Western Nat. Bank* v. *Armstrong,* 152 U. S. 346; *Willard* v. *Tayloe,* 8 Wall. 557.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a case for accounting and recovery on a contract of employment,—not a contract of partnership as urged by counsel for defendant. It is therefore cognizable in equity. On all these points we are in accord with the holding of the court below. We think, however, that the court erred upon the single question of the power of the officers to enter into the contract. Confronted by an agreement, executed, as the present one, in the name of the corporation, it was incumbent upon the defendant to overcome the presumption that it was properly executed by negativing the authority of its officers to make it. The only showing made was to the effect that the board of directors had not authorized it. Not even the by-laws were introduced in this behalf. On the contrary, it appeared that Brennan, the president of the company, had organized the corporation; that he was its chief stockholder; that it had been the custom to make contracts on behalf of the corporation as the present one was made; and that Brennan looked after and controlled individually to a large extent the affairs of the corporation. In other words, it was in many respects a one-man corporation, with a board of directors merely to comply with the requirements of the law.

The contract in question was not only incidental to the carrying on of the business of the corporation, but it was in harmony with the general management and control of the company and with other contracts similarly executed and carried out by the company. It pertained solely to the conduct of the business, and was not of that extraordinary nature which amounts to the conveying away of an important interest in the corporate property.

We think, therefore, that, in the circumstances, the contract should be held to have been executed by Brennan, acting within the general scope of the authority conferred upon him by the

corporation.    The case of *Sun Printing & Pub. Asso.* v. *Moore,* 183 U. S. 642, 46 L. ed. 366, 22 Sup. Ct. Rep. 240, is directly in point, and seems to control the principles of law governing this case.    The question there involved was the power of the managing editor of the New York Sun to contract for the hire of a yacht for the purpose of collecting news, and to bind the company for the rental, and the value of the yacht in case of its loss.    Holding the company liable, the court said:    "It being then within the scope of the general authority possessed by Lord to hire the yacht, the contention that in its exercise he must be assumed to have been without right to incur an absolute liability for the return of the vessel or become responsible for the value thereof, and to stipulate as to such value, is without merit.    As Lord was charged with the full control of the business of collecting news, and impliedly vested with the power to enter into contracts in respect thereto, he was, in effect, a general officer of the corporation as to such matters; and it is well settled that the president or other general officer of a corporation has power prima facie to do any act which the directors or trustees of the corporation could authorize or ratify.    *Oakes* v. *Cattaraugus Water Co.* 143 N. Y. 430, 436, 26 L.R.A. 544, 38 N. E. 461, and cases cited.    The burden was on the Sun Association to establish that Lord did not possess the authority he assumed to exercise in executing the contracts.    *Patterson* v. *Robinson,* 116 N. Y. 193, 200, 22 N. E. 372, and cases cited.    As the trustees of the Sun Association were unrestrained by the charter, and might have authorized Lord to execute the writings in question, and the association failed to rebut the prima facie presumption, he must be held to have been vested with such power."    So here, it was incumbent upon the corporation to show that Brennan did not possess the power which he assumed to exercise in executing the present contract.    This it has failed to do.

The decree is reversed, with costs, and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

A petition for a rehearing or for a modification of the mandate was denied July 25, 1918.